Filed 10/26/20  P. v. Aremu CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B300328 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A390607) |
| v. | |
| TONY OLIVER AREMU, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Norm Shapiro, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles C. Lee and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

In 1984, a jury convicted defendant and appellant Tony Aremu of second degree murder (Pen. Code, § 187, subd. (a)[1]) and found true the allegation that he personally used a deadly and dangerous weapon in the commission of the murder (§ 12022, subd. (b)).  The trial court sentenced defendant to 16 years to life in state prison.

In 2019, following the enactment of Senate Bill No. 1437 (Senate Bill 1437), defendant filed a petition for resentencing pursuant to section 1170.95.  The trial court denied the petition. On appeal, defendant contends the trial court violated his statutory and constitutional rights by summarily denying his petition without allowing him to file a reply to the People's response to his petition and without allowing him or his attorney to attend the hearing on the petition.  We affirm.

# II.    FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 8, 1983, defendant repeatedly stabbed Tamazetta Harris, a woman with whom he had been romantically involved

---

[1]    All further statutory references are to the Penal Code.

[2]    The People attached as an exhibit to their response to defendant's section 1170.95 petition a copy of the opinion by a prior panel of this court affirming defendant's conviction.  (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted, Mar. 18, 2020, S260493 (*Verdugo*) ["A court of appeal opinion, whether or not published, is part of the appellant's record of conviction.  [Citations.]"].)  We base our recitation of the facts underlying defendant's conviction on that opinion.

since 1978.  Harris was taken to the hospital and treated for her wounds.  Two days later, a police detective interviewed Harris at the hospital.  Harris was in critical condition and unable to communicate verbally.  Nevertheless, Harris identified defendant as her attacker by nodding her head when shown a photograph of defendant and asked if he stabbed her.  Shortly after that interview, Harris died.  The detective also interviewed defendant who "gave the police a detailed confession."  At trial, one of Harris's daughters testified that defendant called her and told her, "'I'm sorry to tell you but I killed your mother.'  . . .  [T]he victim's mother . . . received a similar call from defendant."  Defendant presented an alibi defense.  He also claimed that his confession was coerced and he signed his confession without reading or understanding it.  The jury convicted defendant of second degree murder and found true the allegation that he had personally used a knife in murdering Harris.

On January 18, 2019, defendant filed his section 1170.95 petition in which he declared, among other things, that he had been convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony murder rule.  He requested the appointment of counsel.  On March 22, 2019, the trial court held a hearing where defendant was represented by a deputy public defender.  On June 13, 2019, the People filed a response to defendant's petition.

On June 14, 2019, the trial court denied defendant's petition on the ground that defendant was ineligible for section 1170.95 relief because he was the actual killer.  Neither defendant nor defense counsel was present.

# III. DISCUSSION

"Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability [or the natural and probable consequences doctrine] could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (See § 1170.95, subd. (c); [*Verdugo, supra,*] 44 Cal.App.5th [at p.] 327 . . ., review granted Mar. 18, 2020, [S260493].) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. (*Verdugo,* [*supra,* 44 Cal.App.5th] at p. 330.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Id.* at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted

[Mar. 18, 2020, S260598].)" *People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835, fn. omitted.)

The jury instructions in defendant's case did not include instructions on aiding and abetting, the felony murder rule, or the natural and probable consequences doctrine,[3] and the verdict

---

[3] The trial court did instruct the jury with CALJIC 8.10 on "Murder—Defined" as follows:

"Defendant is charged in the information with the commission of the crime of murder, a violation of Section 187 of the Penal Code.

"The crime of murder is the unlawful killing of a human being with malice aforethought or the unlawful killing of a human being which occurs during the commission or attempt to commit a felony inherently dangerous to human life.

"In order to prove the commission of the crime of murder, each of the following elements must be proved:

"1. That a human being was killed,

"2. That the killing was unlawful, and

"3. That the killing was done with malice aforethought."

The trial court did not, however, deliver any instructions that were specific to felony murder, such as CALJIC Nos. 8.21 (First Degree Felony-Murder) or 8.32 (Second Degree Felony-Murder).

The trial court also delivered CALJIC 8.31 on "Second Degree Murder—Killing Resulting From Act Dangerous to Life" as follows:

"Murder of the second degree is [also] the unlawful killing of a human being as the direct causal result of an intentional act, [involving a high degree of probability that it will result in death, which act is done for a base, antisocial purpose and with wanton disregard for human life.] [or] [*the natural consequences of which are dangerous to life*, which act was deliberately performed by a

form contained the jury's finding that defendant personally used a deadly and dangerous weapon, a knife. Defendant therefore was ineligible for section 1170.95 sentencing relief as a matter of law, and the trial court did not err when it summarily denied defendant's petition without conducting a further hearing. (*Verdugo, supra,* 44 Cal.App.5th at p. 330 [the record of conviction may establish that defendant "is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189"]; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 ["the jury implicitly found Cornelius was the 'actual killer,' and the changes to sections 188 and 189 are inapplicable"].)[4]

---

person who knows that his conduct endangers the life of another and who acts with conscious disregard for human life.]

"*When the killing is the direct result of such an act, it is not necessary to establish that the defendant intended that his act would result in the death of a human being.*" (Italics added.)

"Although the instructions related to implied malice and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural consequence,' they are distinctly different concepts. Implied malice is a mental state for the commission of the crime of second degree murder, either by the principal or as an aider and abettor . . . to murder. . . . Senate Bill [ ] 1437 changed the circumstances under which a person could be convicted of murder without a showing of malice, but it did not exclude from liability persons convicted of murder for acting with implied malice. [Citation.]" (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056–1057, review granted Sept. 23, 2020, S263939; fn. omitted.)

[4] In holding that defendant was statutorily ineligible for resentencing, we do not intend to suggest that the procedure

6

## IV.   DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

KIM, J.

We concur:

RUBIN, P. J.                    BAKER, J.

---

utilized by the trial court was correct.  For instance, while defendant's petition was pending, the court conducted an *ex parte* hearing with only the prosecutor present.  Nothing in section 1170.95 authorizes an appearance by one counsel and not the other at any stage of the proceedings.  Any error, however, was harmless under any standard of review (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Watson* (1956) 46 Cal.2d 818, 836) because defendant was ineligible for relief in the first instance.